UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM RESTUCCI,<br>    Petitioner,<br><br>v.<br><br>SUFFOLK DISTRICT ATTORNEY,<br>    Respondent. | )<br>)<br>)<br>) Civil Action No. 04-12197-WGY<br>)<br>)<br>)<br>)<br>) |

ORDER

YOUNG, Chief District Judge.

Before the Court is the "writ of mandamus" of inmate William Restucci, in which Restucci asks that the Court compel the Suffolk County District Attorney's office to provide him copies of documents that, according to Restucci, contain exculpatory evidence. Also before the Court is Restucci's application for a waiver of prepayment of the filing fee associated with his action. For the reasons explained below, the Court dismisses Restucci's action for lack of subject matter jurisdiction and denies as moot his application to proceed without the prepayment of filing fees.

FACTS

On October 15, 2004, Restucci, an inmate at MCI Norfolk, filed a petition styled as a "writ of mandamus" and an application for the waiver of prepayment of the filing fee.[1]

---

[1] He did not, however, submit a certified prison account statement with his application. The law requires that prisoners requesting to proceed in forma pauperis submit a certified prison

In his underlying petition for relief, Restucci asks that the Court order the Suffolk County District Attorney to provide Restucci with certain discovery materials, including a neuropathology report of Restucci's alleged victim, that Restucci believes are exculpatory and thus will help him attack on his sentence under Brady v. Maryland, 373 U.S. 83 (1963). Restucci also claims that the information he seeks will help him prove that his Sixth Amendment right to effective counsel was violated when his counsel, knowing that the prosecuting attorney had not produced all exculpatory evidence, encouraged Restucci to plead guilty to voluntary manslaughter.

## DISCUSSION

The Court does not have subject matter jurisdiction over Restucci's action because his request for a writ of mandamus is a "second or successive" petition within the meaning of 28 U.S.C. § 2244.[2] Under this statute, petitioners who have already filed an application for habeas relief must receive authorization from the court of appeals before filing a second or successive application in the district court. 28 U.S.C. § 2244(b)(2). If a

---

account statement for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2); Rules Governing 28 U.S.C. § 2254, Rule 3.

   [2]"It is black-letter law that a federal court has an obligation to inquire sua sponte into its own subject matter jurisdiction." McCulloch v. Vélez, 364 F.3d 1, 5 (1st Cir. 2004).

2

petitioner files a second or successive petition for habeas relief without first receiving this authorization, the district court does not have subject matter jurisdiction over the habeas petition and cannot entertain the matter. See, e.g., Munoz v. United States, 331 F.3d 151, 153 (1st Cir. 2003) (per curiam); Rodwell v. Pepe, 324 F.3d 66, 72 (1st Cir. 2003); Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997).

Although Restucci has neither requested immediate relief nor captioned his pleading as a request for habeas relief, Restucci's action is in fact a request for habeas relief under 28 U.S.C. § 2254 ("§ 2254"). While there is some debate among the circuits on whether a prisoner's request for information that could invalidate his criminal conviction is in reality a petition for habeas relief, compare Harvey v. Horan, 278 F.3d 370, 375 (4th Cir. 2002) (prisoner's § 1983 claim of a constitutional right to conduct testing on DNA evidence was a petition for a writ of habeas corpus because prisoner sought "biological evidence to challenge the fact or duration of his confinement")[3] with Bradley v. Pryor, 305 F.3d 1287, 1290 (11th Cir. 2002) (disagreeing with Harvey, and characterizing prisoner's request for access to evidence for DNA as a § 1983 claim), under the reasoning of the

---

[3]Accord Kutzner v. Montgomery County District Attorney's Office, 303 F.3d 339 (5th Cir. 2002) (agreeing with Harvey); Rice v. Helm, 2003 WL 22520798, at *1 (10th Cir. Nov. 7, 2003) ("[A] § 1983 action cannot be used a discovery tool for a collateral attack on [the prisoner]'s conviction ....") (not selected for publication).

3

First Circuit in <u>Rodwell v. Pepe</u>, 324 F.3d 66 (2003), Restucci's petition is a request for habeas relief because the core of his "writ of mandamus" is that his conviction was unconstitutional.

In <u>Rodwell v. Pepe</u>, a state inmate had filed a case asking this Court to reopen his first federal habeas case, arguing that the prosecution had suppressed exculpatory evidence concerning a key witnesses's status as a jailhouse informant. <u>Id.</u> at 69. The First Circuit considered whether a motion under Rule 60(b) of the Federal Rules of Civil Procedure for relief from judgment was in fact a second or successive § 2254 petition for purposes of 28 U.S.C. § 2244. Instead of following circuits that made categorical determinations of whether a Rule 60(b) motion was a "second or successive" petition for habeas relief, the First Circuit embraced a "pragmatic" method of determining when a motion should be characterized as a petition for habeas relief. Under the First Circuit's approach, "the answer to the question of what law applies will depend not on the label affixed to a particular motion but on its essence." <u>Id.</u> at 70-71. "The court must examine the factual predicate set forth in support of a particular motion." <u>Id.</u> at 70. If "the motion's factual predicate deals primarily with the constitutionality of the underlying state conviction or sentence, then the motion should be treated as a second or successive habeas petition." <u>Id.</u>

Applying this rule, the First Circuit held that the petitioner's motion was an application for habeas relief. <u>Id.</u> at

4

72. The court observed that the petitioner had "asked the district court for an opportunity to offer facts that (in the petitioner's view) will prove that his conviction was 'constitutionally inform,'" id. at 71-72, and explained that "[s]uch a claim is a paradigmatic habeas claim," id. at 72.

Although the petitioner in Rodwell was not seeking relief in the form of discovery, as Restucci now does, Rodwell nonetheless requires that the Court treat Restucci's request for relief as a § 2254 petition. As was the case in Rodwell, Restucci's complaint "deals primarily with the constitutionality of the underlying state conviction or sentence." Id. at 70. Restucci states that his case "involves a straight forward application of the rule in [Brady]." Petition at 3. He also claims that the alleged failure of his defense counsel "to investigate the only legal defense of [Restucci] falls beneath the level of competence expected of a defense attorney" and "violate[d] [Restucci's] rights to the Fifth, Sixth, and Fourteenth Amendments [sic] rights to the United States Constitution." Id. at 4-5.[4]

Because Restucci's present request for relief is a § 2254 petition, it is his second § 2254 petition arising out of the conviction he now challenges. See Restucci v. Spencer, C.A. No. 01-11693-WGY (D. Mass. Mar. 6, 2003) (denying on the merits

---

[4] Further, Restucci has essentially treated his complaint as a § 2254 petition by alleging that he exhausted his state remedies on the issue he presents to the Court. Petition at 2-3.

petition for relief under § 2254). Restucci must therefore receive leave from the First Circuit Court of Appeals to file a second § 2254 petition prior to filing the petition in the district court. 28 U.S.C. § 2244(b)(3)(A). This Court does not have subject matter over his "writ of mandamus."

## CONCLUSION

For the reasons stated above, the Court DISMISSES the petitioner's action for lack of subject matter jurisdiction. The application to proceed without prepayment of fees is DENIED AS MOOT.

SO ORDERED.

Dated at Boston, Massachusetts, this 15TH day of November, 2004.

/s/ William G. Young
UNITED STATES ~~DISTRICT~~ JUDGE